UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amanda Styles, | ) | Civil Action No.: 4:25-cv-012593-JDA-TER |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| -vs- | ) | |
| | ) | |
| Frank Bisignano, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

## I. RELEVANT BACKGROUND

### A.    Procedural History

Plaintiff filed an application for DIB in August 2021, for an alleged onset date of January 1, 2016. (Tr. 17). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. Plaintiff and a vocational expert (VE) testified at a hearing on November 4, 2024. (Tr. 17). The Administrative Law Judge (ALJ) issued an unfavorable decision on November 13, 2024, finding that Plaintiff was not disabled within the meaning of the Act. (Tr.17-31). Plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied the request for review in July 2025, making the ALJ's decision the Commissioner's final decision. (Tr.1-3). Plaintiff filed

this action in September 2025. (ECF No. 1).

**B.      Background**

**1.      Introductory Facts**

Plaintiff was born in 1977 and was forty-two years old on the date last insured. (Tr. 29).

Plaintiff has no past relevant work. (Tr. 29). Plaintiff alleges disability originally due to "neuropathy

both hands and feet, diabetes, congestive heart failure, lymphatic swelling, migraines, polycystic

ovary syndrome, left hip problems, depression, and anxiety." (Tr. 109). Pertinent records will be

addressed under the relevant issue headings.

**2.      The ALJ's Decision**

In the decision of November 2024, the ALJ made the following findings of fact and

conclusions of law (Tr. 17-31):

1.      The claimant last met the insured status requirements of the Social Security Act on June 30, 2020 (Exhibits B20D and B10D).

2.      The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2016 through her date last insured of June 30, 2020 (20 CFR 404.1571 *et seq.*).

3.      Through the date last insured, the claimant had the following severe impairments: obesity, neuropathy of both hands and feet, diabetes, congestive heart failure, lymphedema, migraines, polycystic ovarian syndrome, avascular necrosis with associated subchondral femoral head fracture, major depressive disorder, and anxiety disorder (20 CFR 404.1520(c)).

4.      Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.      After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the

claimant can never climb ladders, ropes, and/or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and/or crawl. The claimant must be permitted to use a cane for balance and ambulation. The claimant can understand, remember, and carry out simple, detailed, but not complex instructions. The claimant can have frequent interactions with the public, supervisors, and/or coworkers. The claimant can deal with frequent changes in a routine work setting.

6.    The claimant has no past relevant work (20 CFR 404.1565).

7.    The claimant was born on July 2, 1977 and was 42 years old, which is defined as a younger individual age 18-44, on the date last insured. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).

8.    The claimant has at least a high school education (20 CFR 404.1564).

9.    Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10.   Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11.   The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2016, the alleged onset date, through June 30, 2020, the date last insured (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ is required to discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonable be accepted as consistent with the medical and other evidence," where the ALJ here acknowledged Plaintiff's testimony of leg elevation and multiple objective records of swelling and edema but failed to reconcile or explain elevation when formulating the RFC.  (ECF No. 17 at 21-23). Defendant provides some post-hoc reasoning that although there was evidence of swelling and edema, there was no medical opinion as to specifics of

3

Plaintiff's leg elevation. (ECF No. 18 at 9).

Plaintiff argues the ALJ erred in the subjective symptom evaluation as to mental impairments. (ECF No. 17 at 23-29).

Defendant argues the ALJ's analysis here was sufficient, was in accordance with the applicable law, and Plaintiff has failed to show that the ALJ's decision is not based on substantial evidence.

## A.     LEGAL FRAMEWORK

### 1.     The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a).  Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.  42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims).  An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included

in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d

6

at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## B.    ANALYSIS

### RFC: Elevation

Plaintiff argues SSR 96-8p requires the ALJ to discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonable be accepted as consistent with the medical and other evidence," and the ALJ here acknowledged Plaintiff's testimony of leg elevation and multiple objective records of swelling and edema but failed to reconcile or explain this when formulating the RFC. (ECF No. 17 at 21-23). Plaintiff notes that the issue is outcome related because the VE testified that a need to elevate more than 12 inches high for half of the work day would be all work preclusive. (ECF No. 17 at 23). Defendant appears to argue there was an implicit finding by the ALJ that Plaintiff did not need to elevate her legs. (ECF No. 18 at 1). Defendant provides some post-hoc reasoning that although there was evidence of swelling and edema, there was no medical opinion as to specifics of Plaintiff's leg elevation. (ECF No. 18 at 9). Defendant argues the ALJ resolved conflicting evidence. (ECF No. 18 at 10). There is no such resolution in the ALJ's opinion for the court to meaningfully review.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 404.1546(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g.,

laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

After finding ten severe impairments, including congestive heart failure and lymphedema, would significantly limit Plaintiff's ability to perform basic work activities, the ALJ found an RFC of less than the full range of sedentary. (Tr. 19, 22).

The ALJ cited Plaintiff's testimony that "her edema causes both of her legs to swell to the point that she cannot walk" and "must elevate her legs above heart level to reduce the swelling." (Tr. 23). Plaintiff testified the significance of her onset date in 2016 was due to "experiencing the lymphedema, the swelling and couldn't pretty much walk I was so swollen." (Tr. 46). Plaintiff testified she still had that problem in 2020. (Tr. 46). Plaintiff testified it happened "very often:" "If I was on my feet for too long, I would need to go and prop them up for at least 30 minutes, requested by my doctor." (Tr. 46). When asked how high the doctor said to elevate, Plaintiff testified "two pillows underneath your feet and get it above your heart." (Tr. 47). Plaintiff testified that the veins that carry blood down and then back up are "functioning about half" so that is why when blood goes down her leg, "it pretty much just stays down and that's the reason why that I have to elevate and

prop my legs up for the swelling to not get to extreme pain." (Tr. 55). Plaintiff testified in 2020 some days she spent almost all day with her feet elevated but had good days and bad days. (Tr. 60). At the hearing, it was the ALJ who asked the VE if one had to elevate more than 12 inches for half of the day would there be any jobs. (Tr. 74-75).

Then the ALJ went through a thorough recitation of the evidence regularly noting Plaintiff's swelling in the legs, ankles, and feet, citing Exhibit B5F, B7F, B12F, B13F, B14F, and B17F. (Tr. 25). A few paragraphs down the ALJ noted Plaintiff's chart longitudinally confirmed leg swelling, citing Exhibits B1F, B8F, B7F, B9F, B10F, B11F, B12F, B13F, B14F, B15F, B16F, and B17F, which are a bulk of the over 1,700 page record. (Tr. 25). In the RFC narrative, the ALJ noted: "The claimant tended to have acne, pitting edema in bilateral legs, pitting edema independent areas of bilateral arms, and diffuse swelling in face during exams (Exhibits B1F, B8F, B7F, B9F, B10F, B11F, B12F, B13F, B14F, B15F, B16F, and B17F). These impairments are severe as they significantly limit the claimant to sedentary work...," with no reasoning, explanation, or resolution as to elevation. (Tr. 25-26)(errors in original). Generally as to "lymphatic swelling and polycystic ovarian syndrome," the ALJ found it was not as severe as alleged because there was "no evidence of deep vein thrombosis." (Tr. 27). Several paragraphs below the ALJ again acknowledged leg swelling and cited a plethora of exhibits. (Tr. 27-28).

As to opinions, the ALJ found the nonexamining consultants' opinion of light as unpersuasive, noting in part they were not fully consistent with Plaintiff having pitting edema in legs and arms and swelling in face during exams. (Tr. 28).

Despite a thorough discussion of the evidence by the ALJ, there is no resolution as to the evidence of objective exams possibly supporting Plaintiff's testimony regarding the reason she

needed to elevate her legs.

Defendant argues there is no opinion about elevation and there is no specificity on how often or how high. (ECF No. 18 at 9).  Formulating an RFC from all of the evidence is the ALJ's job. Plaintiff attempts to put forth some possibilities in the record generally citing to 745(not about elevation), 872-873, and 902. (ECF No. 17 at 22). The record contains some post-DLI visits with possible linkage where: 1) in December 2020, Plaintiff complains of leg swelling that has been a chronic issue for two years, and under assessment, the doctor stated "discussed elevation of BLE"(Tr. 872); 2) Plaintiff wanted provider to state she "did not need to go to group" therapy because of her legs, and mental health told her she could elevate them in a second chair (Tr. 902); and 3) in May 2020, at the emergency room, she had swelling, Lasix was prescribed, and Plaintiff was referred to the primary care she eventually saw in December 2020. (Tr. 881). An RFC determination is made by the ALJ by looking at <u>all</u> the evidence. *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)).   An RFC is an administrative assessment; an ALJ does not need or require an opinion in order to create an RFC. *See Turner v. Comm'r  of Soc. Sec.*, No. 23-1760, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024)(unpublished)(no requirement to convert opinion limits into RFC); *Boulden v. O'Malley*, No. 24-1414, 2025 WL 48337, at *6 (4th Cir. Jan. 8, 2025)(affirming "highly similar" case). *Raymond G., v. Dudek*, No. 1:24-cv-4902-SVH, 2025 WL 4232986, at *12 (D.S.C. Feb. 24, 2025)("[E]ven when an ALJ allocates persuasive authority to a medical opinion, he is not required to include every limitation the medical provider indicates."); *Frederick W., v. Acting Comm'r of the Soc. Sec. Admin.*, No. 0:24-4279-PJG, 2025 WL 4230457, at *7 (D.S.C. Sept. 5, 2025); *Rose v. O'Malley*, No. 1:24-cv-729-RMG, 2024 WL 3857536, at *2 (D.S.C. Aug. 19, 2024).

There is no finding or a resolution between the evidence and Plaintiff's testimony as to the outcome determinative, functional limitation possibility of leg elevation. The record of multiple swelling and edema exams could support a limitation, but the record is unclear as to whether that limitation would be work preclusive— whether it is under 12 inches or whether it is for less than 50% of the day. This is a court of review and the ALJ has not made a finding on this issue for the court to review. The ALJ appeared to be mindful of this issue's possibility by asking the VE the hypothetical but did not provide a finding for the court to meaningfully review.

Given the record, the court cannot meaningfully review the ALJ's findings as to the RFC. As discussed above, the court cannot find that the ALJ's decision regarding the determination of the RFC is supported by substantial evidence, and remand is appropriate where inadequacies in the ALJ's analysis frustrate meaningful review. *Mascio v. Colvin*, 780 F.3d 632, 636-37 (4th Cir. 2015). Upon remand, the ALJ should take into consideration Plaintiff's briefed allegations of error and support findings with citation to substantial evidence and provide logical explanation from the evidence to the ultimate conclusions. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

### III.  CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case.  The court cannot, however, conduct a proper review based on the record presented.  Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), it is recommended that the Commissioner's decision be reversed and that this matter be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for

11

further proceedings in accordance with this opinion.

|  |  |
|---|---|
| | s/ Thomas E. Rogers, III |
| April 23, 2026 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).